**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND, and NORTH CENTRAL ILLINOIS LABORERS' HEALTH & WELFARE FUND, <br><br> Plaintiff(s), <br><br> v. <br><br> ALLSTATE CONCRETE CUTTING INC., an Illinois corporation, and MICHAEL SEAY, <br><br> Defendant(s). | ) ) ) ) ) ) ) ) ) ) ) ) )  **26-Cv-7234** |

## COMPLAINT

Plaintiffs Central Laborers' Pension Fund and North Central Illinois Laborers' Health & Welfare Fund (collectively "Plaintiff Funds"), by their attorneys, complain against Defendants ALLSTATE CONCRETE CUTTING INC. and MICHAEL SEAY, as follows:

## COUNT I
against
ALLSTATE CONCRETE CUTTING INC.
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1132, 1145 ("ERISA"); the Labor Management Relations Act, as amended, 29 U.S.C. § 185(a) ("LMRA"); 28 U.S.C. § 1331; and federal common law.

2. Plaintiff Funds are multiemployer pension funds and welfare funds established pursuant to collective bargaining agreements between, on the one hand, the Laborers International Union of North America (the "Union") and local unions and district councils affiliated with the Union, and, on the other hand, specific employers and employer associations. The Union and its affiliated local unions and district councils are labor organizations within the meaning of the LMRA, 29 U.S.C.

§ 152(5), representing employees in an industry affecting commerce as defined by the LMRA, 29 U.S.C. § 185(a).

3.      Plaintiff Funds receive fringe benefit contributions and dues payments from certain employers pursuant to collective bargaining agreements between, on the one hand, the Union and district councils and local unions affiliated with the Union, and, on the other hand, certain employer associations and employers, all on behalf of employees covered by the collective bargaining agreements.  The Plaintiff Funds' right to receive fringe benefit contributions and dues payments also arises pursuant to participation agreements between the Plaintiff Funds and employers.

4.      Plaintiff Central Laborers' Pension Fund is the authorized collection agent for the North Central Illinois Laborers' Health & Welfare Fund (and other affiliated funds) with respect to fringe benefit contributions.

5.      ALLSTATE CONCRETE CUTTING INC. is an Illinois corporation doing business in (and with its principle place of business in) the Northern District of Illinois.  Venue in this district is proper under ERISA, 29 U.S.C. § 1132(e)(2); and 28 U.S.C. § 1391(b).  ALLSTATE CONCRETE CUTTING INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

6.      ALLSTATE CONCRETE CUTTING INC. became a party to and bound by collective bargaining agreements with the Union (and/or one or more district councils and local unions affiliated with the Union) by virtue of its execution of one or more memorandum of agreement or other collective bargaining agreements.  No party has terminated the collective bargaining agreements and they remain in effect.  Copies of signature pages of such collective bargaining agreements are attached as *Exhibit A*.  No party has terminated the collective bargaining agreements and they remain in effect.

7. By virtue of certain provisions contained in the collective bargaining agreement(s), ALLSTATE CONCRETE CUTTING INC. became a party to and bound by the Plaintiff Funds' trust agreements.

8. ALLSTATE CONCRETE CUTTING INC. became a party to and bound by one or more participation agreements with the Plaintiff Funds. Copies of such participation agreements are attached as *Exhibit B*. No party has terminated the participation agreements and they remain in effect.

9. By virtue of certain provisions contained in the participation agreement(s), ALLSTATE CONCRETE CUTTING INC. became a party to and bound by the Plaintiff Funds' trust agreements.

10. ALLSTATE CONCRETE CUTTING INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its signing and submitting (and certain provisions contained in) employer contribution report forms to the Plaintiff Funds.

11. ALLSTATE CONCRETE CUTTING INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by virtue of its withholding of (some but not all) payroll deductions and dues consistent with the collective bargaining agreements, participation agreements, and trust agreements.

12. ALLSTATE CONCRETE CUTTING INC. became a party to and bound by the collective bargaining agreements, participation agreements, and trust agreements by making (some but not all) employee fringe benefit contributions and dues payments to the Plaintiff Funds.

13. Under the terms of the collective bargaining agreements, participation agreements, and trust agreements, ALLSTATE CONCRETE CUTTING INC. is required to make fringe benefit contributions and dues payments to the Plaintiff Funds on behalf of employees performing work covered by the collective bargaining agreement; the contributions and dues are required to be at the

hourly rates indicated in the collective bargaining agreement and participation agreements. Under the terms of the agreements, ALLSTATE CONCRETE CUTTING INC. is also required to submit monthly remittance reports identifying, among other things, the employees covered under the collective bargaining agreement and the amount of contributions and dues to be remitted on behalf of each covered employee.

14. Based on employer reports, employee pay records, and related documents, ALLSTATE CONCRETE CUTTING INC. failed and refused to pay all contributions for the following months in accordance with the provisions of the collective bargaining agreements, participation agreements, and trust agreements. Those delinquent amounts include but may not be limited to the following:

| | |
|---|---|
| Remittance report form shortages (April 2025; Local 32): | $72.00 |
| North Central shortages (August 2020; Local 32): | $10,271.71 |
| North Central shortages (December 2020; Local 32): | $12,216.03 |
| North Central shortages (January 2021; Local 32): | $10,273.90 |
| **Total:** | **$32,833.64** |

15. The participation agreements and trust agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month following the month for which the contributions are due (or a minimum of $25.00). ERISA additionally provides, in 29 U.S.C. § 1132(g)(2)(C), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…liquidated damages provided for under the plan in an amount not in excess of 20 percent."

16. Because contributions were not paid when due, ALLSTATE CONCRETE CUTTING INC. incurred 10% (or a minimum of $25.00) penalty assessments in accordance with the participation agreements and trust agreements totaling not less than the following:

| | |
|---|---|
| Assessment for remittance report form shortages (April 2025; Local 32): | $25.00 |
| Assessment for North Central shortages (August 2020; Local 32): | $,1027.17 |
| Assessment for North Central shortages (December 2020; Local 32): | $1,221.60 |

Assessment for North Central shortages (January 2021; Local 32): $1,027.39

**Total:** **$3,301.16**

17.     The total amount owed by ALLSTATE CONCRETE CUTTING INC. to Plaintiff Funds is not less than **$36,134.80**, consisting of:  not less than $32,833.64 in delinquent and unpaid contributions (reference ¶ 14 above), and not less than $3,301.16 in late payment penalty assessments (reference ¶ 16 above).

18.     ALLSTATE CONCRETE CUTTING INC. has failed and refused to pay the amount of **$36,134.80** known to be due to Plaintiff Funds.

19.     Plaintiffs have been required to employ the undersigned attorneys to identify and pursue collection of the amount due from ALLSTATE CONCRETE CUTTING INC.

20.     ERISA provides, in 29 U.S.C. § 1132(g)(2)(D), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…reasonable attorney's fees and costs of the action, to be paid by the defendant."  The participation agreements and trust agreements also provide that employers who become delinquent in making fringe benefit contributions are liable to the Plaintiff Funds for the cost of an audit and attorney's fees and costs.

21.     ERISA provides, 29 U.S.C. § 1132(g)(2)(B), that upon recovery of unpaid benefit contributions by a fiduciary of a benefit plan, "the court shall award the plan…interest on the unpaid contributions."

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Enter judgment against ALLSTATE CONCRETE CUTTING INC. in favor of Plaintiffs.

B.      Order ALLSTATE CONCRETE CUTTING INC. to pay Plaintiff Funds not less than $36,134.80, plus any additional amount shown to be due.

5

D.     Order ALLSTATE CONCRETE CUTTING INC. to pay interest, costs, and reasonable attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E.     Order ALLSTATE CONCRETE CUTTING INC. to perform and continue to perform all other obligations it has undertaken with respect to Plaintiffs.

F.     Grant Plaintiffs such other and further relief as may be just.

## COUNT  II
against
MICHAEL SEAY
(*Claim under ERISA for delinquent employee fringe benefit contributions*)

1. – 21.      Plaintiff Funds reallege paragraphs 1 – 21 of Count I.

22.     This Count arises from a common nucleus of operative facts with Count I and is pendent to that count.

### Breach of Contract / Trust Agreements

23.     Plaintiff Funds are advised and believe that MICHAEL SEAY is the President, Chief Executive Officer, and Chief Operating Officer of ALLSTATE CONCRETE CUTTING INC. and is in control of the company.

24.     Pursuant to the collective bargaining agreements and participation agreements to which ALLSTATE CONCRETE CUTTING INC. agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

25.     Pursuant to the trust agreements establishing the Plaintiff Funds, to which ALLSTATE CONCRETE CUTTING INC. and MICHAEL SEAY agreed to be bound, where there is any willful violation of any of the requirements of the trust agreements, the officers and directors of the employer

6

who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Plaintiff Funds as a result of such conduct.

26. Plaintiff Funds are informed and believe that MICHAEL SEAY did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the trust agreements and the Collective bargaining agreement, making MICHAEL SEAY personally liable for the money owed to the Plaintiff Funds by ALLSTATE CONCRETE CUTTING INC..

Piercing the Corporate Veil

27. There is a unity of interest and ownership between ALLSTATE CONCRETE CUTTING INC. and MICHAEL SEAY such that the separate personalities of the company and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making MICHAEL SEAY personally liable for the money owed to the Plaintiff Funds by ALLSTATE CONCRETE CUTTING INC.

WHEREFORE, Plaintiff Funds respectfully request that this Court:

A. Enter judgment against MICHAEL SEAY in favor of Plaintiff Funds. Order MICHAEL SEAY to pay Plaintiff Funds to pay Plaintiff Funds not less than $36,134.80, plus any additional amount shown to be due.

B. Order MICHAEL SEAY to pay interest, costs, and reasonable attorneys' fees to Plaintiff Funds pursuant to 29 U.S.C. § 1132(g)(2).

C. Order MICHAEL SEAY to cause ALLSTATE CONCRETE CUTTING INC. to perform and continue to perform all obligations it has undertaken with respect to the Plaintiff Funds.

D. Grant Plaintiff Funds such other and further relief as may be just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND and
NORTH CENTRAL ILLINOIS LABORERS'
  HEALTH & WELFARE FUND

By:   /s/ *Richard A. Toth*
      One of their attorneys


GEORGES & SYNOWIECKI, LTD.
20 S. Clark St., Suite 400
Chicago, IL  60603-1903
(312) 726-8797

1429

7.     The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8.     This Agreement shall remain in full force and effect through April 30, 2013, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9.     The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this __28__ day of __Sept__, 20 __09__.

ACCEPTED:

LABORERS' LOCAL UNION NO. __32__

BY: _Dominic Casteny_
   (Business Manager)
   Field Rep        President

GREAT PLAINS LABORERS'
DISTRICT COUNCIL

BY: _Frank E. Haron_
   (Business Manager)

_Allstate Concrete Cutting_
   (Contractor Name)

BY: _Rick Falls -Owner_
   (Name & Title)

_514 Rollins Road_
   (Address)

_Fox Lake IL, 60041_
   (City, State & Zip Code)

_847-245-4575_
   (Telephone Number)

_847-245-4576_
   (Facsimile Number)

████████████

   (Federal Employer Identification Number)



RECEIVED
OCT 14 2009

-3-

EXHIBIT
A

# GREAT PLAINS

## LABORERS' DISTRICT COUNCIL

## ARTICLES OF AGREEMENT

### Covering

## HIGHWAY/HEAVY CONSTRUCTION

**Within the Jurisdiction of
Local Unions 32 and 727
Winnebago, DeKalb, Stephenson, Jo Daviess,
Whiteside, Carroll, Lee, Ogle**

**EFFECTIVE:
May 1, 2016 through April 30, 2018**

IN WITNESS WHEREOF, the parties hereto have affixed their signatures which officially binds said parties under the provisions of the Agreement.

SIGNED this _____ day of _____ 2015, at Rockford, Illinois.

_____          4/15/15
Glen Turpoff                                Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____          4-17-15
Charlie Shempf                              Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

Name: _AllState Concrete Cutting Inc._

Address: _514 Rollins Rd Ingleside IL 60041_

Address: _____

Signature: _____

Date: _10 - 16 - 2016_



RECEIVED
NOV - 3 2016

-28-

.14291

Laborers' Locals 32 & 727
Heavy/Highway Wage Addendum
Effective May 1, 2015

**Section 12. Organizational Fund.** The Employer agrees to make payments to and be bound by the Organizational Fund as listed in this Addendum per hour for each hour or portion thereof worked by an employee. Payments to the Organizational Fund shall be sent to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.

Section 13. Payments to the office of the aforesaid Plans and Funds shall be made by the Employer no later than the 15th day of the month following the month for which payments are required.

*Payments made to the Central Laborers' Pension Fund office, P.O. Box 1267, Jacksonville, Illinois 62651. **MAKE ONE CHECK.**

**Payments made to the North Central Illinois Laborers' Health & Welfare Fund office, 4208 W. Partridge Way, Unit 3, Peoria, Illinois 61615-5650.  **MAKE ONE CHECK.**

SIGNED this _____ day of _____, 2015 at Rockford, Illinois.

FOR THE CONTRACTORS:

_____          4/15/15
Glen L. Turpoff                                                              Date
NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION, INC.

FOR THE UNION:

_____          4-17-15
Charlie Shempf                                                          Date
GREAT PLAINS LABORERS' DISTRICT COUNCIL

CONTRACTOR:

NAME:        AllState Concrete Cutting Inc.

ADDRESS:     514 Rollins Rd Ingleside, IL 60041

ADDRESS:     _____

SIGNATURE:   _____

DATE:        10-16-2016

LOCAL UNION NO. 32                          LOCAL UNION NO. 727
Fortunato Salamone, Business Manager        Ken Diehl, Business Manager
4477 Linden Rd., Suite F                     788 Bloody Gulch Road
Rockford, Illinois 61109                     Dixon, Illinois 61021
Phone: (815) 873-8876                        Phone: (815) 284-2049
Fax: (815) 873-8972                          Fax: (815) 284-1318
lucky@local32.us                             local-727@comcast.net


RECEIVED
NOV – 3 2016

14291

10/13/2009 15:55 FAX 815 873 8972     LABORERS LOCAL 32     → CLPF     ☒003    #/58
09-28-'09 08:30 FROM-                       T-037 P001    F-181

Highway / Heavy
# PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between ___Allstate Concrete Cutting___ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Joint Apprenticeship and Training Program and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (28 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | | |
|---|---|---|---|---|
| __7.09__ | per hour to Central Laborers' Pension Fund | | __.39__ | per hour to Industry Advancement Fund |
| __6.75__ | per hour to _N.C.I.L._ Welfare Fund | | __4.0%__ | Working Dues (% or cents per hour) |
| __3.32__ | per hour to _No. Ill._ Annuity Fund | | __.12__ | LECET |
| __.80__ | per hour to Illinois Laborers' and Contractors' Joint Apprenticeship & Training Program | | __1.05__ | Vacation |
| __.10__ | MRFFC | | __.04__ | Other _Market Promotion_ |
| __.54__ | No. Ill. Welfare | | __.20__ | Other _Organizational Fund_ |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| _Allstate Concrete Cutting_ | _Dong J Hyl_ |
| Name of Business | Authorized Signature |
| _514 Rollins Rd_   _60041_ | Executive Director |
| Address | Title |
| _Fox Lake IL_ _60046_ | UNION |
| City/State/Zip Code | Territory in which Agreement signed: Local __32__ |
| Telephone _847-245-4575_ | _Dominic Costanza_ |
| Authorized Signature | Authorized Signature _President_ |
| Title _owner_ | Title |
| Date _September 28, 2009_ | Date _9/28/09_ |

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer
Yellow copy: District Council or Local Union

(Rev. 02/03) 2M

OCT 14 2009



EXHIBIT
**B**